STATE OF MINNESOTA *ex rel.* George P. Farnsworth *vs.* MUNICIPAL COURT OF THE CITY OF ST. PAUL.

July 19, 1884.

St. Paul—Ordinance restricting Sale of Vegetables.—A general prohibition, by ordinance of the city of St. Paul, of the sale of vegetables and farm products, except by licensed vendors, is not authorized by a legislative act empowering the passage of an ordinance prohibiting such sales "during market hours."

Writ of *certiorari*, directed to the municipal court of St. Paul.

Ralston J. Markoe and Henry Mickle, for relator.

W. P. Murray, for respondent.

DICKINSON, J. The relator was prosecuted criminally and convicted upon a charge of violating ordinance No. 350 of the city of St. Paul. The alleged offence was the selling of vegetables and farm produce, at a place other than the public market, without having a license therefor. The defence to the accusation rests upon the invalidity of the ordinance.

No legislative authority is claimed to have been conferred upon the common council to enact the ordinance, so far as relates to the

act complained of, except through Sp. Laws 1881, *c.* 93, § 15. That section authorizes the common council to "erect and maintain market-houses, establish markets and market-places, to restrain and prohibit, during market hours, the sale, at any other places than in the public markets or market places, [of] meats, poultry, wild game, fruits or vegetables, or other articles, except by regular licensed dealers, and by them only at their regular places of business, and for which place they shall have a license. * * * *Provided,* however, that nothing in this section shall be construed to prohibit the sale of vegetables, country produce, or poultry upon the public streets, lanes, or alleys of said city after the hour of twelve o'clock noon of each day."

That part of the ordinance claimed to have been violated by the relator is as follows: (Mun. Code, St. Paul, p. 340, § 7.)

"Sec. 3. No person shall vend or dispose of any vegetables, fruit, poultry, game, or farm products, at any other place than the public market, within the city of St. Paul, without having first obtained a license therefor, which shall be issued as other licenses, and shall be good for one year from the first day of January in each year, upon paying into the city treasury the sum of twenty-five dollars."

Authority in the municipal body to so ordain does not exist unless it has been expressly conferred by the legislature, or is necessarily to be implied from the legislative enactment. *City of St. Paul* v. *Traeger,* 25 Minn. 248. We may assume, for the purposes of this case, that the legislature might authorize the enactment of such an ordinance; but it has not done so. The act recited only authorizes a restraint or prohibition to be imposed upon unlicensed vendors *during market hours.* The prohibition of the ordinance is unqualified in respect to time. Under this legislative power there could be no prohibitory ordinance so long as there was no designation, by the proper action of the municipal authorities, of "market hours," to which time only can the restraint be limited. Such a designation is a necessary part of any legislative action of the common council by which penal consequences may be sought to be attached to such an occupation. The occupation is lawful until, by ordinance having the force of statute law, and containing every provision necessary to define the prohibi-

tion, it is made unlawful. The mere act of selling farm products without a license, at a place within the city other than the public market, and without regard to the time of making such sale, could not be made criminal by any ordinance, in view of the limitation expressed in the legislative act. Yet that is all that is alleged against the relator. There is no natural period of time known as market hours, and it neither appears that any such period has been in any manner established or designated, nor, if such is the fact, is it alleged that the sale complained of was made during that time.

Judgment reversed.