## CITY OF ST. PAUL *vs.* J. W. STOLTZ.

### February 19, 1885.

**St. Paul — Ordinance requiring Peddlers to obtain License held Invalid.**—A city ordinance requiring peddlers to procure license *held* unauthorized by a legislative act empowering the enacting of such "ordinances, not inconsistent with the laws of the state, which shall be deemed expedient for the good government of the city, * * * the benefit of trade," etc.

Appeal by defendant from a judgment of the municipal court of St. Paul.

*J. T. James*, for appellant.

*W. P. Murray*, for respondent.

DICKINSON, J. The defendant was convicted upon a criminal prosecution for peddling clocks in the city of St. Paul, without having a license to engage in such business, in violation of an ordinance of the city. The prohibitory part of the ordinance is as follows: (Mun. Code, St. Paul, § 554.)

"Section 1. Every person who shall sell, or offer for sale, any goods, wares, or merchandise, books, machinery, or other articles of value, or to barter or exchange the same, at any place upon, along,

or through the streets, avenues, alleys, or other public·places of this city, shall be deemed a peddler; and it shall not be lawful for any such person or persons to exercise their calling without first having obtained a license for that purpose."

The evidence showed that the defendant was engaged in peddling clocks in the city, but it did not show that he was selling his goods, or offering to sell them, in any street or other public place. Therefore the defendant was not guilty of any offence, unless the mere fact of peddling such goods within the city, without a license, constituted an offence under this ordinance. This was the extent of what was charged against the defendant, and the respondent seems to rest the case upon the theory that this constituted a violation of the ordinance, and a criminal offence. We therefore assume, for the purposes of the determination of this case, that the ordinance was intended, not merely to forbid the prosecution of this business without license *in the streets* or other public places of the city, but generally and anywhere within the corporate limits. What we shall further say will be understood as having reference to this assumption.

The charter of the city contains no specific grant of authority to enact ordinances requiring peddlers to procure licenses to authorize them to engage in such business. It is only by virtue of Sp. Laws 1881, *c.* 93, § 16, that authority is claimed to have been conferred upon the common council to enact such an ordinance. That section is as follows: "The common council of the city of St. Paul, in addition to its other powers, is hereby authorized to ordain such other and further ordinances, not inconsistent with the laws of the state, which shall be deemed expedient for the good government of the city, the protection of its property, the preservation of peace and good order, the suppression of vice, the benefit of trade and commerce, the preservation of health, the prevention and extinguishment of fires, and to prescribe limits in which neither wood, lumber, lath, shingle nor hay can be piled or stored, or lumber-yards established or maintained, within said city."

The authority to enact such an ordinance must affirmatively appear in the charter. It is not to be inferred from terms of doubtful or uncertain import. *City of St. Paul* v. *Traeger,* 25 Minn. 248;

*City of Mankato* v. *Fowler*, 32 Minn. 364; *State* v. *Municipal Court of City of St. Paul*, 32 Minn. 329; Dill. Mun. Corp. (3rd Ed.) §§ 89, 361.

The charter of the city, of which the act above recited is amendatory, in terms confers authority upon the common council to license and regulate a considerable number of avocations particularly named, among which are auctioneers, pawnbrokers, insurance offices and agencies, taverns and victualling-houses, the selling of goods by sample, etc. This authority, given with respect to specified avocations, renders necessary a more strict construction of general provisions which may be claimed to extend this power so as to reach employments not named. *City of St. Paul* v. *Traeger, supra; City Council of Montgomery* v. *Montgomery Plank-road Co.*, 31 Ala. 76. But even without applying a strict construction to the act of 1881, it cannot be regarded as expressing or implying the existence of authority to license peddlers. The power granted by that act is limited to the purposes particularly named, and among them we find none to which this ordinance can be referred. *Barling* v. *West*, 29 Wis. 307; *Dunham* v. *Village of Rochester*, 5 Cow. 462; *City of St. Paul* v. *Traeger, supra.*

Judgment reversed, and a new trial awarded.