STATE OF MINNESOTA ex rel. ALBERT SPANGENBERG v. THOMAS
McMAHON.[1]

July 10, 1895.

Nos. 9597—(343).

**St. Paul—Licensing Dealers in Meat and Poultry.**

Ordinance No. 1799—Giltinan's Ordinances, St. Paul (1896) § 204—of the
city of St. Paul, providing for the licensing of retail dealers in fresh or
butchers' meat and dressed poultry, and prohibiting all sales thereof, ex-
cept in the public market, without a license, is valid.

Appeal by respondent from an order of the district court for Ram-
sey county, Otis, J., discharging relator from custody.    Reversed.

*E. J. Darragh* and *Herman Oppenheim*, for appellant.

*Walter L. Chapin*, for relator.

START, C. J.    The respondent was convicted, in the municipal
court of the city of St. Paul, of a violation of Ordinance No. 1799
—Giltinan's Ordinances, St. Paul (1896) § 204—of such city, provid-
ing for the licensing of retail dealers in fresh or butchers' meat,
and prohibiting all sales of such meat, except in the public market,
without a license.    Thereupon he was taken into custody by the
appellant, as a police officer of the city, by virtue of a proper war-
rant committing him to the workhouse unless he should pay the
fine imposed.    He was discharged from such custody on habeas
corpus by the order of the district court of the county of Ramsey
on the ground that the ordinance was void, and from such order the
appellant prosecutes this appeal.

1. It is claimed by respondent that the ordinance is void, because
of a want of power in the common council of the city of St. Paul
to enact it.    Is the claim correct?    A solution of the question in-
volves an examination of the local legislation on the subject of
granting licenses to vendors of fresh or butchers' meat by such com-
mon council.

By chapter 16, § 5, Sp. Laws 1865, such council was given power
to regulate and license "butchers' shops and butchers' stalls and

[1] Reported in 64 N. W. 92.

vendors of butchers' meat" within the city. Thereupon the common council enacted an ordinance substantially like the one under consideration, except that the license fee was $200 instead of $50. The validity of such ordinance was before this court in the year 1866, and the power of the council to enact it was directly challenged, and directly sustained by the court by virtue of the legislative grant of power we have quoted. City of St. Paul v. Colter, 12 Minn. 16 (41). This legislative grant was re-enacted in 1881, whereby the common council of the city of St. Paul was given power to license and regulate, among other matters, "butcher shops and butcher stalls and vendors of butchers' meats." Sp. Laws 1881, c. 93, § 13. The council was also given authority to "erect and maintain market-houses, establish markets and market places, to restrain and prohibit during market hours the sale at any other places than in the public markets or market places meats * * * except by regular licensed dealers and by them only, at their regular places of business." Sp. Laws 1881, c. 93, § 15.

On January 14, 1895, the common council enacted Ordinance No. 1799, the one in question, the here material provisions of which are as follows: "An ordinance to regulate the sale of fresh or butchers' meats and poultry. The common council of the city of St. Paul do ordain as follows: Section 1. No person shall deal in or sell at retail, fresh or butchers' meat or dressed poultry without first having obtained a license as hereinafter provided, for that purpose, except in the public market. The selling of less than a carcass, except beef and of that not less than a quarter shall be declared selling at retail." Section 2 fixes the license fee at fifty dollars and provides for the manner of obtaining a license. "Sec. 3. Any person or persons guilty of the violation of any of the provisions of the two foregoing sections shall upon conviction be punished by a fine of not less than $20 nor more than $100 for every such violation or by imprisonment in the City Workhouse not less than ten days nor more than eighty days."

If the provisions of Sp. Laws 1881, c. 93, § 13, stood alone, there could be no question as to the authority of the common council to pass and enforce the ordinance, for the case would then be ruled by City of St. Paul v. Colter, supra. But respondent claims that section 13 is limited and modified by the provisions of section 15,

Id., and that the case of State ex rel. Farnsworth v. Municipal Court of St. Paul, 32 Minn. 329, 20 N. W. 243, is decisive of the case at bar in his favor.    This is a misapprehension of the Farnsworth Case, for in that case the question whether or not the ordinance under consideration was authorized by section 13 was not considered or decided.    This is apparent from an examination of the brief of counsel for the city in that case, in which section 15 was relied upon for the legislative authority to pass the ordinance; also from the language of the opinion in the case in which the court say, "No legislative authority is claimed to have been conferred upon the common council to enact the ordinance, so far as relates to the act complained of, except through Sp. Laws 1881, c. 93, § 15"; and the court, in all that is said in the opinion as to a want of legislative authority, has reference to this section alone.    It is true, as claimed by respondent's counsel, that sections 13 and 15 must be construed together; but the construction to be given to them is an open question, and they must be so construed as to give effect to the provisions of both sections, and so as to conserve the objects sought to be gained by regulating and licensing the traffic in butchers' and fresh meats at retail.

The selling of such meats at retail is a business which is liable to become a nuisance, and injurious to public comfort and health, if not properly supervised, and made subject to sanitary regulations; and the object of licensing the business is to secure such supervision and regulation.    Now, the construction of these sections insisted upon by the respondent, to the effect that there could be no restraint, regulation, or prohibition of the business of selling fresh meats except during market hours, would leave the business unregulated at all other times, and defeat the very object of the legislative authority to license and regulate the business.    By such a construction the provisions of section 13 must be wholly rejected.    Manifestly such was not the intention of the legislature in conferring upon the common council the powers enumerated in these two sections.    Section 13 confers upon the common council the unqualified power to regulate and license the business of selling butchers' or fresh meats, which carries with it by necessary implication the further power to prohibit, under appropriate penalties, the selling of such meats without a license.    The primary object of section 15 is

to authorize the council to erect, establish, and maintain public markets and market places, and the only limitation in this section upon the general power to require licenses of those engaged in the business, conferred by section 13, is that the council are not required to exact a license, under section 13, of persons selling only in the public market. Those who sell only in the public market place are subject to the market regulations and requirements; hence there is no necessity for regulating and licensing them under the provisions of section 13. Whatever else section 15 may mean does not concern us in this case, but it is clear that it limits the provisions of section 13 only to the extent we have indicated. The ordinance follows the legislative grant contained in section 13 as thus limited, for it purports on its face to require licenses only from persons selling outside of the public market; and it is authorized by such legislative authority, and is valid.

2. Another reason urged by respondent why the ordinance is invalid is that it is unequal legislation, in that only retail dealers in fresh meats—that is, those who sell in quantities less than a carcass or less than a quarter—are required to take out a license, while the language of section 13 is general, and applies to all dealers. It is by no means clear that the language of the statute includes wholesale dealers. It reads "to regulate butcher shops and butcher stalls and vendors of butchers' meats." The words "butchers'," "shops," "stalls," and "vendors" indicate that only retailers were intended, but we do not so decide. It is unnecessary to a decision of this case for us to do so, because the ordinance applies to all persons of a particular class alike, and it is an easy matter to suggest reasons why retail dealers in fresh meats should be subject to different regulations than wholesale dealers. Whether or not the business of the latter is regulated and licensed by the council does not appear from the record. If it be conceded that it is not, we are still of the opinion that the ordinance in question is valid.

Order reversed, and respondent remanded to the official custody of the appellant.