CHARLES HOAG, Executor, &c.

*vs.*

RICHARD J. MENDENHALL.

The allegation in a complaint that plaintiff "duly assigned"a promissory note to defendant, imports that plaintiff delivered such note to defendant, actually or constructively, and that such assignment was accepted by defendant.

This action was commenced in the district court for Hennepin county, by Ann I. Hoag as plaintiff. During the pendency of the action she died, and Charles Hoag, sole devisee of her estate, and executor of her will, was substituted as plaintiff, by stipulation. The case comes to this court upon an appeal from an order overruling defendant's general demurrer to the complaint. The allegations of the complaint sufficient for a full understanding of the case, are stated in the opinion.

LOCHREN & McNAIR, for Appellant.

SHILLOCK & GRETHEN, for Respondent.

*By the Court.*—BERRY, J.—The complaint alleges, that Ann I. Hoag, the owner of the note mentioned therein, " duly. assigned said promissory note to the said defendant, for the purpose of collecting the same, and accounting for and paying.

over the proceeds of said note by said defendant to said Ann I. Hoag." The complaint then proceeds to set forth facts, in detail, the substance of which, so far as necessary to be here stated, is that subsequent to such assignment, "defendant having the control of said promissory note by virtue of said assignment," made an agreement with one of the makers of the note, who had assumed the payment thereof, that such maker should convey to said defendant certain real property, and "that in consideration thereof, said defendant should declare said promissory note as fully paid and satisfied, and that thereby said promissory note should be paid and satisfied;" that conveyance was made accordingly, "and that in consideration of the above conveyance of the real estate therein described to said Richard J. Mendenhall, said defendant declared said promissory note as fully paid and satisfied, and that thereby said note became paid and satisfied." As to the rest of the complaint, we need only say, that it sets up facts upon which the plaintiff seeks to call the defendant to account for the property thus conveyed, or its avails. Defendant demurred to the complaint, as not stating a cause of action. His first objection to the complaint is, that its averment that plaintiff "duly assigned" the note to defendant, is a mere conclusion of law, unsupported by any allegation that the note was delivered to or came into the possession of defendant. To assign, is "to make over a right to another," and an assignment is a *transfer of property*. *Bouvier's Law Dict.*; *Worcester's Dict.*; *Hight vs. Sackett*, 34 *N. Y* 251 ; *Bump vs. Van Orsdale*, 11 *Barbour*, 634. To say, then, that Ann I. Hoag *duly assigned* a promissory note to defendant, is in effect to say that she did whatever was necessary to make over her right in the note, and to transfer the property of the same to defendant. In other words (the note being personal property,) that she delivered the note to defendant, either actually or con-

structively. This is upon the same principle upon which, as applied to commercial paper, the words "endorsed to," and the word "made," are held to import delivery. *Prindle vs. Caruthers*, 15 *N. Y.* 426; *Peets vs. Bratt*, 6 *Barbour*, 663, *and cases cited; Edwards on Bills and Notes*, 664, 671; and see also 1 *Ch. Pl.* 364-5. The allegation "duly assigned," is not a pure legal conclusion, as defendant contends, but an allegation compounded of fact and law, such as in many instances is very properly permitted for the avoidance of prolixity. *Webb vs. Bidwell*, 15 *Minn.* 484.

A second objection urged by defendant in support of his demurrer is, that the complaint contains no allegation that defendant ever accepted any assignment of the note, or undertook or assumed to collect it, or to act for Ann I. Hoag in any manner in relation to it.

There are two answers, at least, to this objection. First, the assignment imports, as we have already held, a *delivery* to defendant, and there cannot be a delivery without an acceptance. Second, the complaint shows that defendant has proceeded to *act upon* the assignment and to collect the note, to collect which the assignment was made.

Defendant's third objection, that there is nothing in the complaint to show that the note has ever been paid, cancelled, satisfied, etc., is also untenable, although the allegations of the complaint in this respect are not above criticism. We think, however, that under the liberal rules governing the construction of pleadings in this state, the complaint substantially avers the payment and satisfaction of the note by the conveyance to defendant.

Defendant's point that it appears by the complaint that the statute of limitations has barred the cause of action set up, which, (as defendant understands it,) is alleged to have ac-

crued *on or about* the 23d day of May, 1864, is answered by the case to which he refers. *McArdle vs. McArdle*, 12 *Minn.* 98.

The other points made in defendant's brief need not be considered at this time.

Order overruling demurrer affirmed.