CITY OF MANKATO *vs.* J. G. FOWLER.

July 29, 1884.

**Mankato City Charter—Auctioneer's License—Police Regulation.—**
The charter of the city of Mankato does not authorize the city council to exact a license fee of auctioneers for the purposes of revenue, but only as a police regulation.

**Same—License Fee Unreasonable.—**Upon the facts found in this case, a license fee of $300 *held* unreasonable as a police regulation, and unauthorized as a tax.

Appeal by plaintiff from a judgment of the municipal court of Mankato.

*J. M. Gilman* and *James Brown*, for appellant.

*P. A. Foster,* for respondent.

VANDERBURGH, J. This action is for a penalty for the violation of an ordinance of the city of Mankato which forbids the exercise of the trade or business of an auctioneer within that city, without first having obtained a license therefor from the common council, and exacts a license fee of $300 as a condition of the issuance of the license, and also the execution of a bond with sufficient sureties, on the part of the applicant, conditioned, among other things, for the payment of all duties which are or may be imposed by this or any subsequent ordinance on sales made by him. The record does not contain all the provisions of the ordinance in respect to the bond, nor the evidence in the case, but simply the findings of the court, which, in addition to the facts above stated, also show that the defendant offered goods for sale at auction in violation of the ordinance; that the city is a place of six or seven thousand inhabitants, whose trade is chiefly local and at retail, with no large or wholesale auction business; and "that prior to the ordinance there had been frequent retail auctions in said city, but no licenses had been issued under the ordinance," which had been in force upwards of a year. The court held the ordinance void, and dismissed the prosecution.

The authority to exact a license from auctioneers is found in chapter 4, section 3, of the city charter, (Sp. Laws 1868, *c.* 27,) wherein it is provided that the council may pass ordinances for the government and good order of the city, etc., and, among other things, to license and regulate theatrical performances, exhibitions, billiard-tables, tavern-keepers, and to grant licenses to and regulate auctions and auctioneers. This authority clearly appears to be granted to the council to be exercised for police purposes, and by police regulations; and we find nothing in the charter empowering the council to tax this particular business, or to impose any other or further restrictions or burdens upon it than authorized by the provision above referred to. The authority to exercise such powers must affirmatively appear in the charter. They are not to be taken by intendment or implication merely. *City of St. Paul* v. *Traeger,* 25 Minn. 248.

The plain purpose of the charter provision quoted is to authorize the council to control and regulate the business by means of the license

and the fee; the general purpose being to promote order, to protect buyers from imposition, etc., and not to suppress the business or raise revenue. The fact, however, that the city derives a revenue incidentally from the reasonable exercise of the police power in regulating and controlling the business, is no serious objection to such an ordinance. *City of St. Paul* v. *Colter*, 12 Minn. 16, (41.) What is a reasonable license fee must depend largely upon the sound discretion of the city council, having reference to all the circumstances and necessities of the case. The general rule is that a reasonable license fee should be intended to cover the expense of issuing it, the services of officers, and other expenses directly or indirectly imposed. Unless, however, the amount is manifestly unreasonable, in view of its purpose as a regulation, the court will not adjudge it a tax. See 2 Am. & Eng. Corp. Cases, 29; *Van Hook* v. *City of Selma*, 70 Ala. 361; *Van Baalen* v. *People*, 40 Mich. 258; 36 Am. Rep. 522, note.

In respect to exhibitions, amusements, etc., a larger discretion on the part of the municipal corporation is recognized than in the case of trades and useful occupations, and the rule has, of course, a still broader application where the business in such as is liable to degenerate into a nuisance, or such as tends to promote disorder or crime. But the business of an auctioneer is a lawful and useful one, and there would seem to be no reasonable warrant, from its nature or the expenses that might be directly or indirectly incurred in regulating it, for exacting so large a sum as a license fee, the result of which, it appears, is not to regulate but to suppress such business. In view of the facts found, we think the trial court was warranted in holding the ordinance unreasonable as a regulation, and unauthorized as a tax.

The question raised, in respect to the bond required by the ordinance, we do not esteem very important. Its terms are not set out in full, but it seems to be similar to the bond required in the case of a county license to auctioneers. It will not be presumed that any unlawful or unreasonable duties have been or will be imposed. We think there is nothing in the case to show that the ordinance is invalid for this cause.

Judgment affirmed.