*In re* L. W. WHITE.

May 7, 1890.

**Habeas Corpus—Conviction under Void Law.**—If the law or ordinance under which a court assumes to convict is void, its judgment is not "a final judgment \* \* \* of a competent tribunal," within the meaning of Gen. St. 1878, c. 80, § 22, and the person imprisoned under it may be discharged from custody on *habeas corpus.*

**Municipal Corporation—Ordinance for Licensing Peddlers.**—The objections to an ordinance of the village of Pipestone, "to license hawkers, peddlers, and auctioneers"—*first,* that it delegates the power to license to the village recorder; *second,* that it delegates to the licensee the power to determine the time for which the license shall be granted; and, *third,* that the license fee is excessive: *held* not well founded, distinguishing the ordinance from that considered in *Darling* v. *City of St. Paul,* 19 Minn. 336, (389.)

*Habeas corpus.* The ordinance mentioned in the opinion is as follows:

"Sec. 1. Every person who shall sell or offer for sale any goods, wares, or merchandise, books, machinery, or other articles of value, or to barter or to exchange the same, at any place upon, along, or through the streets, avenues, alleys, or other public places of the said village of Pipestone, goes from house to house therein offering for sale any of said before described articles, shall be deemed a hawker or peddler; and it shall be unlawful for any such person or persons to exercise their said calling of hawking or peddling without first having obtained a license for that purpose as provided in section 2 of this ordinance.

"Sec. 2. License under the ordinance to hawkers or peddlers may be granted by the council of said village, or the village recorder, upon application, and the applicant therefor must first pay to the village treasurer the sum of three dollars per day for each day the said license is to run, and filing the treasurer's receipt with the recorder; and said recorder, if said application has been granted, shall issue a license therefor for the number of days that have been paid for as appears by such receipt; but no license shall be granted for a longer period than the date of the annual village election next ensuing after such date, and the sum of three dollars per day is hereby declared to be the fee to be charged for either a hawker's or peddler's license."

(Sections 3 and 4 relate solely to auctioneers. Section 5 prescribes penalties.)

*C. H. Childs*, for petitioner.

*F. L. Jones*, for respondent.

MITCHELL, J. The relator, having been convicted of a violation of an ordinance of the village of Pipestone "to license hawkers, peddlers, and auctioneers," and having been committed under such conviction to the custody of the respondent, sues out a writ of *habeas corpus*, claiming that his imprisonment is illegal because the ordinance in question is void. If the law or ordinance under which a court assumes to try and convict is void, its judgment is not "a final judgment * * * of a competent tribunal," within the meaning of Gen. St. 1878, c. ,80, § 22, and a person imprisoned under such judgment may be discharged from custody on *habeas corpus*. The validity of the ordinance is assailed, principally upon the authority of *Darling* v. *City of St. Paul*, 19 Minn. 336, (389,) on the grounds— *first*, that it delegates the power to license to the village recorder; *second*, that it delegates to the licensee the power to determine the time for which the license shall be granted; *third*, that the license fee is excessive; and, *lastly*, that the ordinance is in violation of the fourteenth amendment to the federal constitution. The second section of the ordinance is the only one here material.

1. As to the first objection, the ordinance is clearly distinguishable from the one considered in *Darling* v. *City of St. Paul, supra*. The latter delegated to the city clerk all discretion and authority in the matter of granting licenses, while the one now under consideration is fairly susceptible of the construction that the village council itself is to pass upon the question of granting or refusing the license, and that it is only the ministerial or clerical act of issuing it after the council has granted the application which is delegated to the village recorder. That such a mere clerical duty may be delegated to a ministerial officer cannot be doubted. *In re Wilson*, 32 Minn. 145, (19 N. W. Rep. 723.) But even if the ordinance means what relator claims, viz., that the application for a license may be granted by either the council or the recorder, the provision as to the recorder

may be held void, and yet the other provisions remain a complete and valid ordinance.

2. We do not understand the ordinance as leaving it to the licensee to determine the duration of the license. It contemplates that different persons may want licenses for different periods of time, and, in the case of hawkers and peddlers, usually for very brief periods; their practice being generally to work one town for a few days, and then go to another. Hence the ordinance establishes no fixed or uniform term for all licenses, but leaves that to be determined by the council in each particular case, subject only to a general limitation, and fixes the license fee, not on an arbitrary basis, but at the rate of so much a day for the time the license is to run. The council is not compelled to grant a license for any length of time the applicant may be willing to pay for. The final determination of that question is still with the village council. The reasoning upon that point in *Darling* v. *City of St. Paul* seems to us somewhat strained; but, assuming it to have been sound as applied to the facts of that case, the two ordinances are clearly distinguishable; for the supposed difficulty in the case of the St. Paul ordinance was that, under the construction placed upon it by the court, the license fee might exceed the limit fixed in the city charter.

3. In view of the character of the business proposed to be regulated, and the short periods for which such licenses usually run, we are unable to say that a fee of three dollars a day is excessive. As we said in *City of Mankato* v. *Fowler*, 32 Minn. 364, (20 N. W. Rep. 361,) what is a reasonable fee must depend largely upon the sound discretion of the city council, having reference to all the circumstances and necessities of the case, and that unless the amount is manifestly unreasonable in view of its purpose as a police regulation, the court will not adjudge it a tax. The arithmetic of relator, by which he estimates how much the fee would amount to, at this rate, for a year, is hardly in point. There is a clear distinction between the case of persons who are engaged the whole year in one place, in some permanent business, and that of hawkers and peddlers, who are transient, and usually remain only a short time in one place. What might be an excessive fee, estimated by the day, as to the for-

mer, might not be so as to the latter. The cost of issuing the license would be the same for the short term as for the long one, and the expense of police supervision (which may undoubtedly be taken into account in fixing the amount of the license fee) may be relatively much greater in the case of a temporary and transient business.

As to the point that the ordinance conflicts with the fourteenth amendment to the federal constitution, all that need be said is that it is predicated upon the assumption that, for the causes already considered, the ordinance is void. But if it is valid it cannot be said to deprive any one of his liberty or property "without due process of law."

Writ quashed, and the prisoner remanded to the custody of respondent.