CITY OF DULUTH v. FRED MARSH.[1]

January 21, 1898.

Nos. 10,791—(243).

**Municipal Corporation — City of Duluth — License for Theaters — Reasonable Amount.**

*Held*, that a license fee of $125 for six months, for theatrical performances in the city of Duluth, is not unreasonable, or in excess of the police power of the city to license and regulate such performances.

A warrant was issued out of the municipal court of Duluth for the arrest of defendant, because he did "unlawfully exhibit a public show, said show being a theatrical play or performance called 'The Gladiators,'" without having obtained a license therefor. The defendant was thereupon arrested and pleaded not guilty, and upon a trial before Edson, J., without a jury, was found guilty. From an order of the court refusing to vacate its decision and denying a new trial, defendant appealed. Affirmed.

*Ellsworth Benham*, for appellant.

The distinction between the power to license and the power to tax is clearly defined. The power to license is a police regulation merely, while the power to tax is a revenue power. 2 Dillon, Mun. Corp. § 768; State v. Mayor, 33 N. J. L. 280; City of Mankato v. Fowler, 32 Minn. 364. If the legislature had intended to authorize the city council to tax the theatrical performances, it would have done so in specific terms. The authority to exercise such power must appear affirmatively in the charter. City v. Fowler, supra. From these authorities it is clear that if the amount imposed is sustained, it must be upon the theory that it is a license merely. It cannot be sustained as a tax.

[1] Reported in 73 N. W. 962.

*John Rustgard,* for respondent.

All the evidence and proceedings not being contained in the settled case, the only question before the court is whether the ordinance is valid. What is a reasonable license fee must depend largely on the discretion of the city council. City of Mankato v. Fowler, 32 Minn. 364; In re White. 43 Minn. 250; City of Duluth v. Krupp, 46 Minn. 435; Van Baalen v. People, 40 Mich. 258. The legislature having delegated its power to the city council, this court will not interfere with the action of the legislature. New York v. Bristol, 151 U. S. 556; Missouri v. Humes, 115 U. S. 512.

MITCHELL, J.

The charter of the city of Duluth authorizes the common council to license and regulate theatrical performances and places of amusement for which money is charged for entrance. Acting under this authority, the common council passed an ordinance prohibiting the exhibition, without license, of any theatrical performance for which pay or compensation is demanded or received; providing how a license might be obtained; and fixing the license fee at $10 each day, except that, when a license is desired for six months, a license might be granted for that period on payment of $125.

The only question presented is whether a fee of $125 for six months is so manifestly excessive that the court would be justified in holding that it is unreasonable, and in excess of the police power conferred on the common council. What is a reasonable license fee, under all the circumstances of the case, must be left largely to the sound discretion of the municipal authorities; and unless the amount is so manifestly unreasonable, in view of its purpose as a police regulation, that it is apparent that the police power has been abused and made a pretext for doing what is forbidden, as, for example, imposing a tax, the courts ought not to, and will not, interfere with the municipal discretion.

In respect to theatrical exhibitions and amusements of similar character, a larger discretion on part of municipalities is recognized than in the case of ordinary trades and occupations, both because they are liable to degenerate into nuisances, and also because they require more police surveillance and police service. City of Man-

kato v. Fowler, 32 Minn. 364, 20 N. W. 361; In re White, 43 Minn. 250, 45 N. W. 232; City of Duluth v. Krupp, 46 Minn. 435, 49 N. W. 235. Theatrical and other similar performances are of this character, both because of the large number in attendance, and also of the crowds (frequently in part of disorderly persons) which are liable to congregate in the vicinity of the entrance. Such performances in a city of any size usually require the attendance of at least one policeman to preserve order. The wages of one policeman every time there is a performance at a theater, which may be daily, would in six months amount to as much or more than the fee required by this ordinance. Our conclusion is that a court would not be warranted in holding the fee in this case unreasonable, and in excess of the police power conferred on the common council, at least in a city of the population of Duluth.

Order affirmed.