LINCOLN DREW v. M. C. TIFFT.

February 14, 1900.

Nos. 11,932—(212).

### Equality of Taxation—Inheritance Tax.

The mandate of equality of taxation, as near as may be, of section 1, article 9, of the state constitution, applies to inheritance taxes exactly as it does to taxes on property, except as otherwise expressly provided in the last proviso to the section, relating to an inheritance tax law.

### Laws 1897, c. 293, Unconstitutional.

Laws 1897, c. 293, which attempts to lay an inheritance tax, is unconstitutional for the reasons: (a) It excludes from its operation real prop-

erty, and lays the tax upon inheritances of personal property alone; (b) it exempts from its operation persons and corporations whose property is exempt by law from taxation; (c) it allows a larger exemption to lineal heirs than to collaterals, and does not lay the tax on the excess of the value of the property received above a uniform exempted sum.

## Lineal Heirs and Collateral Heirs.

The statute is not unconstitutional because it taxes collateral heirs and distributees at a higher rate than lineals, for the constitution expressly authorizes such graduation of the tax.

Petition in the district court for McLeod county for a writ of mandamus commanding M. C. Tifft, judge of the probate court of that county, to proceed with the distribution of the estate of George Drew, deceased, without requiring payment of the so-called inheritance or transfer tax provided for by Laws 1897, c. 293, and to make and enter the final decree requisite therefor. From an order, Cadwell, J., denying a motion for a peremptory writ, petitioner appealed. Reversed.

*Haynes & Chase*, for appellant.

*Ripley & Brennan*, by consent, filed a brief in behalf of appellant. An inheritance or succession tax may be defined as an excise or duty upon the right of a person or corporation to receive property by devise or inheritance from another under the regulation of the state. State v. Switzler, 143 Mo. 287, 328. It is not a tax on the property, but is in the nature of an excise on the privilege of receiving it under the laws of the state by way of devise or inheritance. To prevent evasions gifts created by instruments inter vivos, to take effect upon the death of the maker, are included. The state cannot impose unreasonable and unequal conditions on the privilege of enjoying a right given by general laws. Subject to this rule the power of the legislature over taxation is practically unlimited, except so far as restrained by constitution. Sanborn v. Commissioners, 9 Minn. 258 (273); Eyre v. Jacob, 14 Grat. 422.

Nearly all states hold that inheritance taxes, properly speaking, are not imposed on property, but on the privilege of receiving property by inheritance or devise, and that as taxes on property they cannot be sustained. Minot v. Winthrop, 162 Mass. 113;

Magoun v. Illinois T. & S. Bank, 170 U. S. 283; Kochersperger v. Drake, 167 Ill. 122; In re Wilmerding, 117 Cal. 281; State v. Ferris, 53 Oh. St. 314; Wallace v. Myers, 38 Fed. 184; Dos Passos, Inher. Tax (2d Ed.) § 8; Gelsthorpe v. Furnell, 20 Mont. 299.

The intangible nature of this tax, as being one neither on the property nor on the person receiving it, but on the abstract right or privilege of succeeding to the property by will or inheritance, is shown by the fact that legacies to the United States are subject to state succession taxes, though states cannot tax the United States. U. S. v. Perkins, 163 U. S. 625; In re Merriam, 141 N. Y. 479; Dos Passos, Inher. Tax (2d Ed.) § 28. So likewise legacies of government bonds which are by law exempt from taxation are subject to inheritance taxes. In re Sherman, 153 N. Y. 1; Wallace v. Myers, supra; Strode v. Com., 52 Pa. St. 181; Dos Passos, Inher. Tax, § 27. In State v. Gorman, 40 Minn. 232 (declaring Laws 1885, c. 103, invalid), the tax was held to be one on the property of defendant. See State v. Mann, 76 Wis. 469; State v. Switzler, supra. In view of State v. Gorman, supra, Laws 1897, c. 293, was enacted. This act was copied from New York, whose constitution imposes no restriction on the taxing power.

The act is invalid because it exempts legacies to charitable corporations entirely, and partially exempts those to near relatives. Exemptions from taxation are strictly construed, and a general exemption from taxation has no reference to assessments for local improvements, nor to excise and similar taxes. 1 Desty, Taxn. 121; Cooley, Taxn. 207; Roosevelt v. Mayor, 84 N. Y. 108; Boston v. Mayor, 116 Mass. 181; Sheehan v. Good Samaritan, 50 Mo. 155; 25 Am. & Eng. Enc. 160; City of St. Paul v. St. Paul & S. C. R. Co., 23 Minn. 469. See Washburn M. O. Asylum v. State, 73 Minn. 343; Ramsey County v. Macalester College, 51 Minn. 437; Dos Passos, Inher. Tax, § 35; 25 Am. & Eng. Enc. 158; Miller's Exr. v. Com., 27 Grat. 110; In re Vassar's Will, 127 N. Y. 1.

The act is invalid because it provides for a tax on transfers of personal property only; and because it provides that the entire inheritance, if of a certain amount, or in excess thereof, shall be taxed; and because it provides for two fixed amounts depending on the relationship of the parties. Regardless of the amendment of

79 M.—12

1894, the requirements of Const. art. 9, § 1, as to uniformity are broad enough to include inheritance taxes. Even if the original provision as to uniformity did not apply to inheritance taxes, the adoption of the amendment as a proviso to this section must be held to extend its commands to this class of taxes. Endlich, Interp. Stat. § 186. See Brown v. Maryland, 12 Wheat. 419; Voorhees v. U. S. Bank, 10 Pet. 449; Gibbons v. Ogden, 9 Wheat. 1; Noonan v. City of Stillwater, 33 Minn. 198. An affirmative grant of power, where the legislature would otherwise have more extensive powers than those purporting to be granted, is a denial by implication of any power in excess of the terms of the grant. State v. Holman, 58 Minn. 219; State v. Clough, 23 Minn. 17; State v. Gorton, 33 Minn. 345; Cooley, Const. Lim. (5th Ed.) § 64; Lowe v. Com., 3 Metc. (Ky.) 237; Durousseau v. U. S., 6 Cranch, 307, 312; State v. Daugherty, 5 Tex. 1; U. S. v. More, 3 Cranch, 159, 172. Taxes, whether on indebtedness or otherwise, must be uniform. State v. District Court of Hennepin Co., 33 Minn. 235; State v. Pioneer S. & L. Co., 63 Minn. 80; City of Faribault v. Misener, 20 Minn. 347 (396).

Placing the construction of the supreme court of New York on the act, it provides that taxes on legacies of less than $10,000 under section 2 shall be taxed if the entire amount of taxable legacies is over $10,000, while a legacy of the same amount would not be taxed if the entire amount of taxable legacies was under that amount; and the same in respect of section 1, changing the amounts. In re Hoffman, 143 N. Y. 327; In re Westurn, 152 N. Y. 93.

*Cross, Hicks, Carleton & Cross*, and *Keith, Evans, Thompson & Fairchild*, by consent, also filed a brief attacking the validity of Laws 1897, c. 293.

*W. B. Douglas*, Attorney General, and *F. R. Allen*, County Attorney for McLeod county, for respondent.

Enactments like Laws 1897, c. 293, impose a tax on the privilege of receiving property by inheritance or devise, and not on property itself. The right to take by devise or descent is the creature of the law and not a natural right. The usual limitation requiring uni-

formity in taxes on property does not apply. Magoun v. Illinois T. & S. Bank, 170 U. S. 283, 293; Mager v. Grima, 8 How. 490; Dos Passos, Inher. Tax, § 8; Eyre v. Jacob, 14 Grat. 422; Kochersperger v. Drake, 167 Ill. 122; In re Wilmerding, 117 Cal. 281; Gelsthorpe v. Furnell, 20 Mont. 299; In re Hoffman, 143 N. Y. 327; In re Bronson, 150 N. Y. 1; Wallace v. Myers, 38 Fed. 184; Minot v. Winthrop, 162 Mass. 113: State v. Hamlin, 86 Me. 495; Strode v. Com.,' 52 Pa. St. 181, 183; Clymer v. Com., 52 Pa. St. 189; Com. v. Herman, 16 Wkly. Notes Cas. 210; State v. Dalrymple, 70 Md. 294; Tyson v. State, 28 Md. 577. Other statutes somewhat in the form of impositions of taxes on inheritances, but by their terms clearly imposing taxes on the estates of deceased persons, as distinguished from the net amount of property inherited or devised, have been held unconstitutional, sometimes because the statute provided for double taxation, but generally as in violation of the rule of uniformity. This class of statutes is clearly distinguishable from that to which chapter 293 belongs. State v. Gorman, 40 Minn. 232; State v. Mann, 76 Wis. 469; State v. Switzler, 143 Mo. 287, 331. A third class of cases has arisen in which certain special restrictions in the constitutions of various states have been decided to operate as limitations on the exercise of this power. Curry v. Spencer, 61 N. H. 624; State v. Ferris, 53 Oh. St. 314. State v. Ferris was determined by a divided court and the reasoning is unsatisfactory. Both cases were distinguished in Magoun v. Illinois T. & S. Bank, supra, and the court comments upon Curry v. Spencer, as being "extreme."

In all cases in which this court has considered the limitations imposed by article 9, § 11, as originally adopted, only questions involving taxes on property have been involved. Noonan v. City of Stillwater, 33 Minn. 198, 201; Sanborn v. Commrs. Rice Co., 9 Minn. 258 (273); Comer v. Folsom, 13 Minn. 205 (219). Impositions in the form of taxes on auctioneers, draymen, showmen, and sellers of intoxicating liquor have never been subject to the rule of uniformity, and such impositions (though as much taxes on privileges as is the charge or impost in the name of a tax on the right of succession) are treated as without the limitations of section 1. The right of the state to control inheritances and to designate the class of persons who inherit has always been conceded. McCormick v.

Sullivant, 10 Wheat. 202; Mager v. Grima, supra; U. S. v. Perkins, 163 U. S. 625. The right of the government in its sovereign capacity to control inheritances has existed for centuries both in England and in France, and impositions of the various states on the succession of estates have never been classed as taxes. Magoun v. Illinois T. & S. Bank, supra; Dos Passos, Inher. Tax, § 23. The exercise of this power by the legislature does not deprive any person of a right, but it is the granting by the state in its sovereign capacity of a privilege to receive on payment of a limited sum. Such an impost, by whatever name it may be called, is not a tax, any more than an ordinary license fee; and hence the rule of uniformity does not apply. This tax is in the nature of an impost. Scholey v. Rew, 23 Wall. 331; State v. Hamlin, supra; In re Wilmerding, supra; In re McPherson, 104 N. Y. 306. See Wallace v. Myers, supra; In re Sherman, 153 N. Y. 1; U. S. v. Perkins, supra. Following the construction of the New York courts (In re Hoffman, supra; In re McPherson, supra) chapter 293 should not be construed as imposing a tax within the meaning of the rule requiring uniformity.

Assuming that article 9, § 1, requires substantial equality to be aimed at in all matters of taxation, the amendment adopted in 1894 provides an exception in matters of inheritance or succession taxes. The general right to make classifications, based on substantial considerations, has always been recognized by this court in dealing with many subjects, including taxation for special purposes. Sanborn v. Commrs. Rice Co., supra; Nichols v. Walter, 37 Minn. 264, 272; State v. Ritt, 76 Minn. 531; State v. Johnson, 77 Minn. 453. See Gulf, C. & S. F. Ry. Co. v. Ellis, 165 U. S. 150; Giozza v. Tiernan, 148 U. S. 657; Bell's Gap R. Co. v. Pennsylvania, 134 U. S. 232; Pacific Exp. Co. v. Seibert, 142 U. S. 339; Magoun v. Illinois T. & S. Bank, supra; State v. Switzler, supra; State v. Donaldson, 41 Minn. 74.

START, C. J.

This is an appeal by the plaintiff from the order of the district court of the county of McLeod denying his petition for a peremptory writ of mandamus requiring the probate court of that county

to proceed with the distribution of the estate of George Drew, deceased, without requiring the payment of an inheritance tax, as provided by Laws 1897, c. 293. The sole question for our decision is the constitutionality of such inheritance tax law.

We are relieved from any necessity of discussing the power of the legislature to enact a law taxing all inheritances, or the propriety of exercising such power, for it is unanimously conceded (as it must be) by counsel that such a law, if uniform and equal, without discrimination, would be constitutional, wise, and wholesome. Legacy and inheritance taxes are not of modern origin. They were imposed by the Roman civil law, and in England as early as 1780. They are now in force generally in the countries of Europe. Pennsylvania imposed such taxes by a statute enacted as early as 1826, and similar statutes are now in force in many of the other states of the Union. They have, as a rule, been held to be constitutional by state and federal courts. Dos Passos, Inher. Tax, c. 1. But Minnesota is, so far as we are advised, the only state whose constitution in express terms limits the power of the legislature in the laying of an inheritance tax. Therefore the precise question in this case is whether the act in question conforms to the limitations of our state constitution. Such being the case, it necessarily follows that the large number of judicial decisions in other jurisdictions, cited by counsel in this case, although interesting and helpful as illustrating the history of inheritance tax statutes and the general principles upon which they have been sustained, are not directly in point.

The here material provisions of our constitution are these:

"All taxes to be raised in this state shall be as nearly equal as may be, and all property on which taxes are to be levied shall have a cash valuation, and be equalized and uniform throughout the state: provided, that the legislature may, by general law or special act, authorize municipal corporations to levy assessments for local improvements * * *: and provided, further, that there may be by law levied and collected a tax upon all inheritances, devises, bequests, legacies and gifts of every kind and description above a fixed and specified sum, of any and all natural persons and corporations. Such tax above such exempted sum may be uniform, or it may be graded or progressive, but shall not exceed a maximum tax of five per cent." Const. art. 9, § 1.

This proviso as to an inheritance tax was added in 1894 as an amendment to section 1, article 9, and is to be construed as a part thereof, precisely as if the original section and the proviso had been adopted at the same time, as a complete statement of the fundamental law upon the subject of taxes, including those upon inheritances. In order to determine intelligently whether the inheritance tax act of 1897 violates any of the provisions of this section, it is first necessary to ascertain its meaning.

The power of taxation by the state, except as limited by constitutional provisions, is practically unlimited, hence this section must be construed, not as a grant of the power of taxation, but as a limitation upon the exercise of the power. Cooley, Const. Lim. 105, 593. So construing it, its meaning is obvious, and it stands as a barrier against legislative invasion of the reserved rights of the individual as to the manner of imposing taxes upon him for the support of the state. Its keynote is that "all taxes to be raised in this state shall be as nearly equal as may be." Counsel for respondent, however, claim that this limitation, as originally adopted, applies only to taxes on property. If this be so, then the power of the legislature to lay unequal and arbitrary impost and excise taxes was left unrestricted. Such a construction is contrary to the spirit of the constitution, its clear and direct language, and the. trend of all of the decisions of this court on the question. Stinson v. Smith, 8 Minn. 326 (366); Sanborn v. Commrs. Rice Co., 9 Minn. 258 (273); City of Faribault v. Misener, 20 Minn. 347 (396); Noonan v. City of Stillwater, 33 Minn. 198, 22 N. W. 444; State v. Gorman, 40 Minn. 232, 41 N. W. 948.

It is true that all of these cases involved only questions as to taxes or assessments on property, but the rationale of the opinion in each case leads directly to the conclusion that all taxes, whether on property or in the form of excise and impost taxes, must, under this constitutional mandate, be laid as nearly equal as practicable. The case of State v. Gorman has been understood and cited as an authority that the requirement of our constitution that all taxes to be raised in this state shall be as nearly equal as may be applies to excise and impost taxes, and therefore a statute laying an inheritance tax would be unconstitutional. See Magoun v. Illinois

T. & S. Bank, 170 U. S. 283, 18 Sup. Ct. 594. In the Gorman case it was held that Laws 1885, c. 103, requiring, as a condition precedent to probate proceedings for the settlement of estates in probate court, the payment to the county treasury of specified sums arbitrarily prescribed with reference to the value of the estate, was unconstitutional, because it violated the constitutional requirement of equality of taxation. It is not quite clear whether this decision was based upon the proposition that the tax was one laid upon property or upon the privilege of having estates settled and distributed in the probate court. If the former,—which was probably the case,—the decision is not an authority for or against the right of the legislature to levy an inheritance tax under section 1, article 9, of the constitution. If the word "taxes," as used in this section as it originally stood, includes excise and impost taxes, it by no means follows that a statute laying an inheritance tax, which aimed at practical equality, would not be valid.

Again, the decisions of this court with reference to statutes and ordinances imposing license fees upon auctioneers, draymen, hackmen, peddlers, persons dealing in intoxicating liquors, and others engaged in occupations of a character bringing them within the police power of the state, are based upon the proposition that the constitutional mandate that all taxes to be raised must be as nearly equal as may be includes excise and impost taxes. Such statutes have been sustained only upon the ground that the enactment was a proper exercise of the police power, and in every case where it was apparent that the license law was enacted with a view to revenue, and not as a police regulation, it has been held void, when the constitutional requirement of equality of taxation was disregarded. City of Rochester v. Upman, 19 Minn. 78 (108); State v. Cassidy, 22 Minn. 312; City of Mankato v. Fowler, 32 Minn. 364, 20 N. W. 361; City of Duluth v. Marsh, 71 Minn. 248, 73 N. W. 962; State v. Finch, 78 Minn. 118, 80 N. W. 856.

If, however, there is any doubt as to the proposition that under the original provisions of section 1, article 9, of the constitution, any statute laying an inheritance tax which ignored the fundamental principle of equality of taxation would have been invalid,

the doubt is set at rest by the proviso to the section adopted as an amendment thereto in 1894. The necessary effect of this proviso was to subject the power of the legislature to lay an inheritance tax to the original limitation that all taxes to be raised in this state must be as nearly equal as may be, for, as already suggested, the section in question, as it now reads, must be construed precisely as if the proviso had been a part of the original section; hence the mandate of equality qualifies the provisions of the amendment, and applies to the whole section. Noonan v. City of Stillwater, 33 Minn. 198, 22 N. W. 444. We therefore hold that by virtue of section 1, article 9, of our state constitution, as it now stands, the requirement of equality in taxation applies to inheritance taxes exactly as it does to taxes on property, except as expressly provided in the last proviso thereto. In reaching this conclusion we have not overlooked the fact that it is contrary to the great weight of authority in other states. But our constitution in this particular is unique, and its mandate is so clearly expressed as to leave no doubt as to its meaning; hence the decisions of the courts of other states are not in point.

Now, it is apparent from the mere reading of the proviso as to an inheritance tax in connection with the requirement of equality of taxation that any statute providing for an inheritance tax must lay the tax upon "all inheritances, devises, bequests, legacies and gifts of every kind and description," including those of real property as well as personal. There can be no discrimination in this respect. Therefore any statute laying a tax upon all bequests and gifts of personal property and exempting inheritances, devises, and gifts of real property would be void, for the reason that it would violate the constitutional mandate of equality of taxation, and the limitations of the proviso, which declares, in legal effect, that, if the legislature decides to lay an inheritance tax, it must be upon all bequests, devises, and gifts, without exempting any. It is equally clear, and for the same reason, that such a statute must lay the tax upon all bequests, devises, and gifts to "any and all natural persons and corporations." If any person or corporation is exempted from the burden, the statute is void. It might be

otherwise if the tax were one on property, and not on the privilege of receiving the property.

Again, the amendment provides that the tax may be laid upon all devises, bequests, and gifts "above a fixed and specified sum," and that "such tax above such exempted sum may be uniform or it may be graded or progressive, but shall not exceed a maximum tax of five per cent." These particular provisions are exceptions to the rule of equality in taxation, enforced by the general terms of the section. They authorize the exemption of devises, bequests, and gifts, to the extent of a fixed and uniform sum, from the operation of the tax, and the laying of the tax only upon the excess of such devises, bequests, and gifts. The exemption, however, must be uniform, and apply equally to all persons and corporations, for it is only the tax above a fixed and specified sum which may be uniform, graded, or progressive, in the discretion of the legislature. This last proviso is a distinct departure from the rule of equality, as near as may be, in the laying of taxes, for it expressly provides that the tax may be graded or progressive. This authorizes the legislature, in its discretion, to graduate the tax by increasing the percentage of the tax, within the maximum limit of five per cent., as the value of the property to be received increases, or as the relationship to the deceased of those who are to receive the property is more remote.

We come now to the question whether the inheritance tax law of 1897 violates any of the provisions of section 1, article 9, of the constitution, as we have construed it. The title of the statute is "An act for a tax on gifts, inheritances, devises, bequests, and legacies in certain cases," and its here material provisions are these:

"Section 1. A tax shall be and is hereby imposed upon the transfer of any personal property, of the value of five thousand (5,000) dollars or over, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations, not exempt by law from taxation on real or personal property, in the following cases: * * * Such tax shall be at the rate of five (5) per centum upon the clear market value of such property, except as otherwise prescribed in the next section.

"Sec. 2. When the property or any beneficial interest therein

passes by any such transfer to or for the use of father, mother, husband, wife, child, brother, sister, wife or widow of a son, or the husband of a daughter, or any children adopted as such, in conformity with the laws of this state, of the decedent, grantor, donor or vendor, or to any person to whom any such decedent, grantor, donor or vendor for not less than ten (10) years prior to such transfer, stood in the mutually acknowledged relation of a parent, or to any lineal descendant of such decedent, grantor, donor or vendor, born in lawful wedlock, such transfer of property shall not be taxable under this act, unless it is personal property of the value of ten thousand (10,000) dollars or more, in which case it shall be taxable under this act at the rate of one (1) per centum upon the clear market value of such property."

It may be conceded, as claimed by counsel for respondent, that the tax attempted to be levied by this statute is not upon the property received by the beneficiary, but upon the privilege of receiving it. The statute, however, was enacted, by virtue of the legislative power of taxation, solely with a view to revenue, and the burden it seeks to impose is a tax within the meaning of the constitution. The first objection to the statute to be considered is the claim that, in so far as it attempts to tax lineal heirs (we use the term to designate the class referred to in the statute) and distributees at the rate of one per cent. of the value of the property and collateral heirs (that is, those not expressly named in the statute) at a higher rate (five per cent.) it is unequal taxation, and therefore unconstitutional. There is a natural reason for taxing the privilege of the latter of receiving the property at a higher rate than that of the former, and, as we have already decided, the proviso in question authorizes such graduation of the tax. Hence the statute is not unconstitutional for this reason.

It is further claimed that the statute is void because it allows a larger exemption to lineals ($10,000) than to collaterals ($5,000). It is unconstitutional for this reason, for, as already stated, the constitution authorizes only one uniform exemption to all persons and corporations. Again, it is urged that the statute is invalid because it lays the tax upon the entire devise, bequest, or distributive share, if of the specified value, and not upon the excess above a fixed specified exempted sum, as the amendment requires. The gross inequality of the statute in this respect is manifest. Thus,

by its terms, a tax on a legacy to a collateral heir of $5,000 would net the beneficiary, after deducting the tax thereon ($250), only $4,750, while a legacy of $4,999 would be exempt from the tax, and would give the beneficiary $249 more than would the larger legacy. The constitution authorizes the laying of the tax only upon the excess above the exempted sum, and the statute violates the constitution in this respect. It is also contended on behalf of the appellant that the statute is unconstitutional because it exempts from the tax all persons and corporations whose property is exempt by law from taxation. It is invalid for this reason, for the constitution expressly provides for a tax "upon all inheritances, * * * of every kind and description," to "all natural persons and corporations." The statute is unconstitutional for the further reason that it exempts from its operation all devises, bequests, and transfers by intestate laws of real property, and lays the tax only upon those of personal property. This is forbidden by the constitution.

In holding this statute unconstitutional for the reasons stated, we have not overlooked the fact that it is substantially a copy of the inheritance tax law of the state of New York (except that the latter applies to both real and personal property), which has been sustained by the courts of last resort of that state and by the supreme court of the United States. But this is immaterial, for the constitution of the state of New York contains no limitations and restrictions upon the exercise of the power of taxation by the legislature similar to those of our own constitution which we have considered. This difference in the constitutions of the two states seems to have been lost sight of in the adoption of the New York statute in this state, and explains why a statute which violates our constitution in so many particulars was enacted.

It follows that the order appealed from must be reversed, and the cause remanded, with directions to the district court to grant the writ of mandamus prayed for. So ordered.