STATE ex rel. ALICE ADAMS RUSSELL v. FREDERIC C. HARVEY.[1]

July 3, 1903.

Nos. 13,567—(198).

**Inheritance Tax.**

 Laws 1902, c. 3, relating to the taxation of inheritances, is unconstitutional, for the reason that it purports to make the rate of taxation ten per cent., or double the constitutional limitation, in the case of collateral heirs and other parties.

Appeal by defendant from an order of the district court for Hennepin county, Simpson, J. Affirmed.

*F. H. Boardman,* for appellant.

*H. B. Chamberlain,* for respondent.

START, C. J.

The relator, as executor of the last will of Sol Smith Russell, deceased, after the settlement of his estate and of her account, applied to the judge of the probate court of the county of Hennepin for a distribution of the residue of the estate to her, as widow and sole devisee, without the payment of an alleged inheritance tax. Her application was refused, and upon her petition the district court of the county issued its alternative writ of mandamus to the judge of the probate court, directing him to grant her application, or show cause why he had not done so. The judge made return to the writ, alleging as the sole reason for not decreeing a distribution of the residue of the estate the fact that the estate was subject, by virtue of Laws 1902, p. 43 (c. 3) to an unpaid inheritance tax, amounting to the sum of $575.55. The district court, after hearing the matter, held that the statute was unconstitutional, and ordered a peremptory writ of mandamus to issue, directing the judge of probate to decree a distribution of the estate without the payment of the alleged tax. An appeal from the order on behalf of the judge of the probate court was taken to this court.

[1] Reported in 95 N. W. 764.

The sole question here to be decided is the constitutionality of section 2 of the statute, which reads as follows:

> "When such inheritance, devise, bequest, legacy or gift is for the use or benefit of a father, mother, husband, wife, child, brother, sister, grandchild, nephew or niece, wife or widow of a son, or the husband of a daughter or any child legally adopted, of the decedent or donor, or to any person to whom such decedent or donor for not less than ten years prior to the taking effect of such inheritance, devise, bequest, legacy or gift, stood in the mutually acknowledged relation of parent, or to any lineal descendant of such decedent or donor born in lawful wedlock, then such tax shall be at the rate of one-half of 1 per centum, and in all other cases at the rate of 10 per centum upon the full and true value of such inheritance, devise, bequest, legacy or gift, to be computed upon the valuation thereof in excess of $10,000."

The provision of the Constitution relevant to this question is the proviso to article 9, § 1, which reads thus:

> "And provided further, that there may be by law levied and collected a tax upon all inheritances, devises, bequests, legacies and gifts of every kind and description above a fixed and specified sum, of any and all natural persons and corporations. Such tax above such exempted sum may be uniform or it may be graded or progressive, but shall not exceed a maximum tax of five per cent."

This proviso was construed in the case of Drew v. Tifft, 79 Minn. 175, 81 N. W. 839. It is unnecessary to repeat here the essential requisites of a constitutional inheritance tax statute, as indicated in the opinion in the case cited, except to suggest that all inheritances, devises, bequests, and gifts of every kind must be taxed, if any are, and that, while the tax may be uniform or graded, it can in no case exceed five per cent. of the value of the inheritance, devise, bequest, or gift. The statute in question imposes a tax of one-half of one per cent. as to the widow and lineal heirs, and of ten per cent. in all other cases. This is

a clear and express violation of the mandate of the constitution that such tax shall not exceed five per cent. It is claimed, however, on the part of the appellant, that, inasmuch as a tax of five per cent. would have been constitutional, the statute is valid to that extent. It is true that the greater includes the less, and that a ten per cent. tax includes a five per cent. tax, but the fact remains that the rate of taxation, and the whole thereof, ordained by the legislature, is absolutely void, and the statute is, in legal effect, one in which the rate of taxation as to collateral heirs and other parties is left blank. This is necessarily so, for the reason that the legislature never determined on any other rate than ten per cent. Such being the case, the court has no more power to fill by construction the blank in the statute by reading into it a rate of taxation which will be within the limitation of the constitution, than it has to decree an inheritance tax in advance of any legislation on the subject.

It is also urged that the tax as to lineal heirs in the statute is within the constitutional limitation, and is separate and distinct from the tax as to collateral heirs; therefore the statute, so far as it relates to lineal heirs, may be sustained, although so much as relates to collateral heirs may be unconstitutional. The short answer to this claim is that if it were thinkable that the legislature would impose an inheritance tax upon the widow and children of a dead bread winner, and exempt the collateral heirs of a decedent from the tax, any such statute would be unconstitutional. The statute we are considering is, eliminating its void provisions, simply one taxing inheritances, devises, bequests, and gifts to lineal heirs, and exempting those to all other parties. This is forbidden by the Constitution, for all must be taxed, or none. Drew v. Tifft, supra.

We hold the whole statute unconstitutional, for the reasons stated. Order affirmed.