STATE v. PETER JENSEN.[1]

July 22, 1904.

Nos. 13,949—(21).

**Peddler's License.**

An ordinance of the city of Minneapolis which provides that no person shall "exercise the vocation" of a peddler within the city, without first paying a yearly license of $125, construed, and *held:*

1. The amount of the license fee is not so manifestly unreasonable as to render the ordinance void.

2. The ordinance applies to all persons who exercise the vocation of peddler within the city, whether they peddle the products of their own farm or garden, or buy their stock from others.

3. The evidence is sufficient to sustain the finding of the trial court that the defendant exercised the vocation of peddler contrary to the ordinance.

Appeal by defendant from a judgment of the municipal court of Minneapolis, and from an order of said court, Dickinson, J., denying a motion for a new trial. Judgment and order affirmed.

*George C. Stiles,* and *George B. Leonard,* for appellant.

*W. J. Donahower,* Attorney General, *Frank Healy,* and *A. C. Finney,* for the State.

START, C. J.

The defendant on December 4, 1903, was convicted in the municipal court of the city of Minneapolis of the offense of exercising the vocation of a peddler without having obtained a license so to do, contrary to the ordinance of the city. Thereupon the court adjudged that the defendant pay a fine of $10, and be imprisoned in the workhouse of the city until the fine was paid, not exceeding ten days. He appealed from the judgment, and also from an order denying his motion for a new trial.

The ordinance, so far as here material, is in these words:

> Section 1. That no person  *  *  *  shall practice or exercise the vocation of  *  *  *  peddler  *  *  *  or exercise any trade, business or occupation for which the price of a license

[1] Reported in 100 N. W. 644.

is provided for or specified in this ordinance, without first having procured and obtained a license therefor in the manner hereinafter provided.

Sec. 2. That the following yearly rates for licenses in said city are hereby fixed and established to be paid by every person or firm engaged in, or who shall engage in the respective callings, vocations or kinds of business named in this section within the limits of said city, viz.: Wagon peddlers,—one hundred and twenty-five dollars.

This ordinance was enacted pursuant to the authority conferred by the legislature upon the common council of the city of Minneapolis to "license and regulate all peddlers doing business within the city." Sp. Laws 1881, p. 436, c. 76, subc. 4, § 5, subd. 19.

1. The defendant urges that the license fee of $125 is unreasonable in amount, and a tax for revenue, and that therefore the ordinance is void. The authority given to the city council by the charter of the city to license and regulate peddlers was granted for police, not revenue, purposes, but the fact that the city incidentally derives a revenue from the exercise of the power does not affect the validity of the ordinance. In the exercise of the power granted, a wide discretion is allowed to the city council, and, unless the license fee is manifestly unreasonable, the ordinance is not void. The business of peddling is a legitimate one, but, unless regulated and wisely policed, it is liable to become a nuisance, especially in the large cities of the state. Therefore the amount of the license fee is not limited to an amount which will cover the expense of issuing it, but it may include the reasonable cost of policing the business, and such further reasonable sum as the council may deem necessary in order to secure the orderly pursuit of the business, by excluding therefrom irresponsible and disorderly persons. City of Mankato v. Fowler, 32 Minn. 364, 20 N. W. 361; In re White, 43 Minn. 250, 45 N. W. 232; City of Duluth v. Krupp, 46 Minn. 435, 49 N. W. 235; City of Duluth v. Marsh, 71 Minn. 248, 73 N. W. 962. In the second case cited it was held that a license fee of $3 a day for peddlers was not unreasonable, and in the third one cited it was held that a license fee of $100 a year for peddling in the city of Duluth was not unreasonable. We hold that the license fee of $125 a year for peddling in the

city of Minneapolis is not so manifestly unreasonable as to justify the court in holding that the ordinance is void.

2. The defendant also contends that the finding of the trial court that the defendant was guilty of violating the ordinance is not sustained by the evidence, for the reason that the ordinance was intended as a regulation of the business of peddling as an occupation different and distinct from other occupations, and that a farmer who sells from house to house the products of his own farm is not a peddler, within the meaning of the ordinance. The evidence is undisputed, and shows that the defendant had a team hitched to a wagon, with a rack on it loaded with baskets, some of which were filled with melons, and others were empty. The wagon was driven along the street for the distance of a block by a boy; the defendant moving along with it from house to house, calling out, "Melons for sale," and inviting people to buy them. The melons were in defendant's wagon, and were offered and exposed for sale by him. They were grown by him on his own farm, in Hennepin county. He made five sales of melons to five different persons in the distance of a block. The melons were sold in one-half bushel lots, and occasionally five cents' worth at a single sale. He delivered and received pay for the melons as they were sold. The deliveries were made from the wagon, the defendant carrying the baskets to the various houses along the avenue whenever and wherever a sale was made. When questioned by the officer at the time of his arrest, the defendant said he had a right to peddle; that he could not sell all of his stuff on the market that day, and determined, therefore, to go out and peddle it. He had no license.

This evidence is sufficient to sustain the finding of the trial court that the defendant was exercising the vocation of a peddler, and the defendant's conviction was legal, unless the word "peddler," as used in the ordinance, is to be construed as excluding a farmer who sells from house to house the product of his own farm, as the defendant claims. There are decisions of other courts which hold that a farmer or a gardener, who, as an incident to his business, sells the product of his farm or garden at retail from door to door, should not be regarded as a peddler. At the first blush, this seems to be sound and just, because the so selling of such products is not in and of itself a harmful business, but, on the contrary, mutually beneficial to both seller and

purchaser, and a matter of convenience in the smaller towns of the state. But the fact that the articles sold from house to house are the products of the seller's own farm or garden affords no just reason why he should not be placed on the same basis as parties who purchase their stock from others. In either case the need of police regulation is the same. There can be no distinction in principle between the party who peddles his own product, and the one who buys his stock from the producer, and peddles it, and we cannot recognize any such distinction. We so held in the case of State v. Wagener, 69 Minn. 209, 72 N. W. 67.

It follows that if the farmer or gardener who peddles the product of his farm or garden is not a peddler, within the meaning of the ordinance, then no other person who peddles fruits, vegetables, and farm and garden products in the city of Minneapolis can be held to be a peddler. We hold that the ordinance applies to all persons who exercise the vocation of peddler within the city, whether they peddle their own product or that of another. The acts of the defendant, as shown by the evidence, bring him within the meaning of the word "peddler," as used in the ordinance. City of St. Paul v. Briggs, 85 Minn. 290, 88 N. W. 984.

Judgment and order affirmed.