STATE OF MAINE *vs*. JAMES BROWN.

Hancock.     Opinion, December 10, 1936.

*Percy T. Clarke*, County Attorney for the State.
*Blaïsdell & Blaisdell*, for respondent.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

STURGIS, J.    The respondent was convicted in the Bar Harbor Municipal Court on a complaint charging that, without a license

from the municipal officers and in violation of the local ordinance, he peddled and vended on the streets of Bar Harbor certain farm and orchard products not produced by himself. On appeal, the case is reported to the Law Court on an agreed statement with a stipulation that, if upon the record the respondent has committed an offense, judgment shall be rendered for the State, otherwise a *nolle prosequi* is to be entered. It is agreed that all formal requirements of the law were complied with in the passage of the ordinance. The respondent admits that he committed the acts as charged in the complaint. The validity of the ordinance only is in issue.

Municipal corporations are authorized by R. S., Chap. 5, Sec. 136 to pass ordinances "not inconsistent with law" for the purposes and with the limitations there defined. Amendments adding Paragraph XIV to that general law were enacted in Chap. 247, P. L. 1931, and in Chap. 158, P. L. 1935, giving towns, cities and village corporations power to pass by-laws and ordinances relating to hawkers and peddlers. The purposes for which such by-laws or ordinances may be passed and the limitations thereon as there defined and now in force read:

"XIV. For regulating and controlling the business of hawking and peddling of goods, wares and merchandise at retail within their limits, for the issuing by their municipal officers of municipal licenses and the imposing of license fees therefor.

"This paragraph shall not apply to commercial agents or other persons selling by samples, lists, catalogues or otherwise, goods, wares or merchandise for future delivery, persons selling fish, or persons selling farm, dairy or orchard products, of their own production, and persons selling bark, wood or forest products and persons selling newspapers or religious literature."

Effective as of July 15, 1935, a date when Chap. 158, P. L. 1935 was in force, the municipal authorities of the Town of Bar Harbor, by way of amendment to their existing by-laws, passed the following by-law:

"Section 4A. No person, firm or corporation, without a license from the Municipal Officers of the Town of Bar Harbor,

shall hawk, peddle or vend farm, dairy or orchard products on the streets of the Town of Bar Harbor, unless such person, firm or corporation so hawking, peddling or vending farm, dairy or orchard products, shall have produced them himself.

"Licenses for hawkers, peddlers and vendors, under this ordinance may be issued by the Selectmen of the Town of Bar Harbor, upon proper application, in writing therefor, at the rate of $15.00 a day for the time the license is granted; but no license, under this ordinance, shall be issued unless and until said applicant shall first furnish a bond in the sum of $500.00 approved by the Board of Selectmen of the Town of Bar Harbor that he will not violate any of the provisions of this ordinance.

"Any person, firm or corporation violating any of the provisions of this ordinance shall upon conviction forfeit and pay a fine of not more than fifteen dollars ($15.00) for each offense, and not more than fifteen dollars ($15.00) for every day thereafter, so long as the said violation exists, and a fine of not more than one hundred dollars ($100.00) for subsequent violations.

"This ordinance shall become effective July 15, 1935."

It is agreed by counsel on both sides that this by-law was passed pursuant to the authority conferred upon municipalities by Paragraph XIV, Sec. 136, Chap. 5, R. S., as amended by Chap. 158, P. L. 1935. The respondent attacks the ordinance on the grounds (1) that it does not conform with the express grant of authority for its passage as set forth in the statute; and (2) that by reason of the license fees exacted and the penalties provided in the ordinance, the regulation is unreasonable and oppressive. The State on the brief, does not refute the claim that the ordinance goes beyond the authority expressly granted to the town by the statute and naively admits that the purpose of the ordinance "is to restrict and not to regulate."

It is an accepted rule that when a municipal corporation is empowered by express grant to make by-laws or ordinances in certain cases and for certain purposes its power of legislation is limited to the cases and objects specified. *Ex parte Mayor, etc. of Anniston,* 90 Ala., 516, 7 So., 779; *Mernaugh* v. *Orlando,* 41 Fla., 433, 27 .

So., 34; *Huesing* v. *Rock Island*, 128 Ill., 465, 21 N. E., 558; *State* v. *Butler*, 178 Mo., 272, 77 S. W., 560; *State* v. *Ferguson*, 33 N. H., 424; Dillon Mun. Corp. (5th Ed.), Vol. II, Sec. 586; 43 Corpus Juris, 520. And it is held that if a by-law or ordinance as drawn is outside the scope of the grant and exceeds the powers to legislate conferred upon the municipality, it is invalid. *Newton* v. *Belger*, 143 Mass., 598, 10 N. E., 464.

The ordinance, violation of which is here charged, contains provisions entirely outside the authority conferred upon municipalities by Paragraph XIV, Sec. 136, Chap. 5, R. S., as now amended. The statute authorizes the passage of ordinances "for regulating and controlling the business of hawking and peddling of goods, wares and merchandise at retail," and no more. In the original amendment by Chap. 247, P. L. 1931, the regulation and control of the business of hawking and peddling within municipal limits was authorized without limitation as to whether the business be carried on at retail or wholesale. In the amendment in Chap. 158, P. L. 1935, the power to regulate the business of hawking and peddling was expressly limited to retail transactions. The legislative intent to exclude wholesale transactions of this kind from the operation of this law as now in force is undeniably apparent. Again, the legislative grant of authority is limited to the regulation and control of the "business" of hawking and peddling at retail, and not to single or isolated transactions. Business, in a legislative sense, is that which occupies the time, attention and labor of men for the purposes of livelihood or for profit, and constitutes a considerable part of their occupation, business or vocation. *State* v. *Littlefield*, 112 Me., 214, 91 A., 945. Nor does the statute authorize the regulation of the business of vending goods, wares and merchandise as distinct from hawking or peddling the same. The term "vend," although it may include hawking and peddling, has a broader meaning. It may be properly applied to any sale. *Webster's International Dictionary*.

The by-law, disregarding the limitations of the statute, purports to regulate and provide for the licensing not only of hawkers and peddlers of farm, dairy or orchard products, which are of course goods, wares and merchandise, but of hawkers, peddlers or vendors of the same regardless of whether their transactions be at retail or at wholesale, carried on as a business or only as a single transaction

or on rare occasions. It includes vendors, whether they be hawkers or peddlers, or not. It is apparent that the passage of this by-law was not authorized by Paragraph XIV, Sec. 136, Chap. 5, R. S.

In view of the conclusion reached upon the first objection raised, it is not strictly necessary to proceed further with this case. It should prove profitable, however, to briefly discuss the reasonableness of the fees and penalties provided for in the by-law, that further manifest error in that regard may not re-appear. Too much emphasis can not be laid upon the rule that a by-law or ordinance which is unreasonable and oppressive is not valid.

The power of a municipal corporation to license an occupation or privilege or to impose a license tax thereon is not an inherent power, but can be exercised only when conferred by the State either in express terms or by necessary implication. The power to license and impose a license tax is generally implied from the power to regulate an occupation or privilege. *Commonwealth* v. *Plaisted,* 148 Mass., 375, 19 N. E., 224, 37 Corpus Juris, 178 n., 46; Dillon Mun. Corp. (5th Ed.), Sec. 665. Again, the power to regulate and to license does not generally include the power to impose license taxes for revenue unless that power be expressly conferred. Under a general power to regulate and license, a municipality can not, directly or indirectly, entirely prohibit a useful occupation or privilege. And the general principle is that the amount of the fee imposed in the exercise of the delegated police power for the purposes of regulation must be limited and reasonably measured by the necessary or probable expenses of issuing the license and of such inspection, regulation and supervision as may be lawful and necessary. If a license fee is so high as to be virtually confiscatory or prohibitive of a useful and legitimate occupation or privilege, the ordinance imposing it is invalid. So, too, lacking an express authority therefor, if under the guise of police regulation a tax for revenue purposes is levied. *State* v. *Glavin,* 67 Conn., 29, 34 A., 708; *State* v. *Jensen,* 93 Minn., 88, 100 N. W., 644; *State* v. *Angelo,* 71 N. H., 224, 51 A., 905; *People* v. *Jarvis,* 46 N. Y. S., 596; *State* v. *Bevins,* 70 Vt., 574, 41 A., 655. See *State* v. *Snowman,* 94 Me., 99, 46 A., 815. Also 17 Ruling Case Law, 533; 37 Corpus Juris, 190 and cases cited.

Applying these rules to the by-law of Bar Harbor, applicable as it is to each and every sale on the streets of the town by any person,

firm or corporation, of farm, dairy or orchard products produced by others, a license fee of $15 a day, which would necessarily include any part of a day, with a further requirement that a bond of $500 be furnished with the application, is manifestly disproportionate to the necessary or probable expenses of issuing the license, and of necessary inspection, regulation and supervision of the acts of the licensee thereunder. In accordance with the admitted intention of its sponsors, it is restrictive rather than regulatory. The amounts of its license fee requirements further mark it as a revenue measure. It is the manifest duty of the court to declare this by-law unreasonable and oppressive, and therefore void.

In accordance with the alternative presented by the stipulation in the report, the case is remanded to the Superior Court for the entry of a *nolle prosequi*.

> *Case remanded to Superior Court*
> *for entry of* nolle prosequi.