249 P.2d 833

**KELLY v. ANDERSON et al.**

No. 5465.

Supreme Court of Arizona.

Nov. 10, 1952.

V. L. Hash and Virginia Hash, of Phoenix, for appellant.

Moore & Romley, of Phoenix, for appellees.

PHELPS, Justice.

This appeal is taken from an order of the lower court granting defendants' motion for an instructed verdict at the close of plaintiff's case.

The facts are that in June, 1947, plaintiff was employed as a checker or cashier at a grocery store in the 2400 block on East Washington Street in the city of Phoenix; that one Charles Mann, pursuant to arrangements previously made, called at the store at about 10:30 p.m. on the night of June 24th of that year to pick her up after she had completed her duties at the store, to go for a ride. The couple rode around for a while and overtook an acquaintance walking on West Buckeye Road by the name of Wright who was considerably under the influence of intoxicating liquor. They picked him up and drove back to the city of Phoenix, stopping at the Busy Bee bar, and at the Casino across from the court house, thence returning to the West Buckeye area. There is nothing in the record to the effect that either plaintiff or the driver of the car in which she was riding had been drinking that evening. There was evidence, however, that Wright and Mann engaged in singing during a portion of the time they were driving over the city having only the plaintiff as their audience.

They passed the plaintiff's house and for some reason did not let her out but drove on west to deliver their friend Wright at his home. As they were driving along the Buckeye Road and particularly at 2308 West Buckeye they ran into a parked and loaded truck and trailer belonging to the defendant Campbell which had been driven by and had been parked there by the defendant Anderson. Anderson lived in the rear of 2308 West Buckeye Road and had parked the Campbell truck and trailer along the north curb of the road for the purpose of spending the night at his home. He left the truck and trailer unlighted, and parked in a business district. The car in which plaintiff was riding ran into the rear of the trailer critically injuring the plaintiff. The

evidence discloses that the truck was parked within eighteen inches to two feet of the north curb of the road. Buckeye Road at that point was 50 to 60 feet wide and there is no evidence of any other traffic on the road at the time and place other than the car in which plaintiff was riding, thus leaving a space of approximately 40 to 50 feet south of the truck for plaintiff to pass. Buckeye Road at that place is, according to all of the evidence, a four-lane highway. The car in which plaintiff was riding was driving close to the north curb.

Plaintiff produced evidence from occupants of the car that there was some smoke at that particular point coming from a city dump located on South 15th Avenue, which was then burning. The evidence further showed there was located east of the truck on the north side of the highway a service station approximately 100 feet east thereof which was then lighted. There was located immediately across the road south of the parked truck and trailer a motel which had a light upon the sign in front of it and immediately alongside the truck there was located a light then burning over a tire shop. About these facts there is no conflict. But there is no evidence concerning the character of these lights or their illuminating effect upon that area under normal atmospheric conditions. The accident occurred between 1:30 and 2:00 o'clock in the morning of June 25, 1947.

Plaintiff alleges in her complaint that the parking of the truck and trailer upon the public highway at the time and place without leaving it lighted in accordance with the provisions of section 66–137, A.C.A. 1939, constituted negligence for which the defendants are liable. Plaintiff further alleged that the street at that time and place was unlighted but failed to introduce any evidence to that effect.

On this appeal plaintiff assigned the granting of the motion for an instructed verdict as error (1) for the reason that the evidence conclusively showed that the driver of the truck did not place any light or flares upon the truck to warn the public of its presence; (2) that the driver of the truck did not place upon the truck and trailer lights at the time and place projecting a white light visible under normal atmospheric conditions for a distance of 500 feet to the front of the vehicle and projecting a red light under like conditions for a distance of 500 feet to the rear of such vehicle, when there was insufficient light at that time to reveal the presence of the truck within a distance of 200 feet on said highway. And as a second assignment of error, that the evidence conclusively showed that the plaintiff was the guest of the driver of the car in which she was riding and that the negligence of the driver of such car, if any, was not imputable to plaintiff and that therefore it was error to instruct a verdict for the defendant under such circumstances.

The defendants in their answer alleged that the injury to plaintiff was due solely

to the negligence of the driver of the car in which plaintiff was riding at the time of her injury or to his sole and contributory negligence.

 Plaintiff correctly states the law that if the negligence of the driver of the car in which plaintiff was riding as a guest merely contributed to her injury, that such contributory negligence did not relieve defendants from liability for their negligence, if any. This has been so often held by this court that a citation of authority is unnecessary to support it. However, it is equally well established in this jurisdiction as well as in all others that if the driver of the car in which a guest is injured is *solely* responsible for his or her injury, no liability can attach to any other person than the driver of the car in which the guest is riding at the time of the injury.

 Public highways are created and dedicated to public use for the purpose of handling necessary traffic thereon and the legislature has plenary power over the regulation thereof including the right to prohibit parking thereon altogether or to place such restrictions upon the same as it deems for the safety and best interests of the public. In the absence of legislative restrictions against parking on public highways outside city limits, operators of motor vehicles would be free to park such vehicles where and when they desired. Municipalities have power to impose such restrictions within city limits.

In order that we may keep in mind the subject of our consideration, section 66–401, A.C.A.1939, provides that:

" 'Highway' means any way, road, or place of any nature open to the use of the public as a matter of right for the purpose of vehicular travel, and includes culverts, sluices, drains, ditches, waterways, embankments, retaining walls, trees, shrubs, and fences along or upon the same and within the right of way;

" 'Improved highway' means a highway paved with cement concrete or asphaltic concrete, or having a hard surface and distinct roadway not less than four (4) inches thick, made up of a mixture of rock, sand, or gravel, bound together by an artificial binder other than natural soil;

Section 66–116, A.C.A.1939, provides in part that:

*"Stopping on highways.*—No person shall leave a vehicle parked, whether attended or not, upon the paved or improved or main traveled portion of any highway, *outside of a business or residence district,* when it is practicable to leave such vehicle standing off said portions of such highway; in no event shall any person leave a vehicle standing, whether attended or not, upon any highway unless a clear and unobstructed width of not less than fifteen (15) feet upon the main traveled portion of said highway opposite such standing

vehicle be left for free passage of other vehicles thereon. * * * " (Emphasis supplied.)

This constitutes a restriction only upon parking motor vehicles upon the paved or improved portions of highways *outside of a business or residence district when it is practicable to leave such vehicle standing off said portions of such highways* and has no reference whatever to vehicles parked within a business or residential area as in this case. The driver of the truck in question had the right to park it on West Buckeye Road in said business district and if there was sufficient light to reveal it under normal atmospheric conditions within a distance of 200 feet upon such highway he violated no parking restrictions in so doing.

Section 66–117, A.C.A.1939, prohibits parking in front of fire stations, water hydrants, etc. Section 66–118, A.C.A.1939, provides for setting brakes, etc., when parking a motor vehicle on a highway. Section 66–137, supra, provides for equipping motor vehicles with lighting facilities and provides that these lights shall be kept lighted from a half hour after sunset to a half hour before sunrise and at any other time when there is not sufficient light to render clearly discernable any person upon the highway at a distance of 200 feet ahead.

Section 66–137, supra, further provides, however, that:

"This section shall not apply to a vehicle stopped upon a highway whether attended or unattended, but there shall be displayed upon such vehicle one (1) or more lamps projecting a white light visible under normal atmospheric conditions from a distance of five hundred (500) feet to the front of such vehicle and projecting a red light visible under like conditions and distance to the rear, *except that no lights need be displayed upon any such vehicle when parked upon a highway where there is sufficient light to reveal it within a distance of two hundred (200) feet upon such highway.*" (Emphasis supplied.)

These are the only sections in the statute relating to parking upon public highways. These provisions of the law have not withheld the right from an operator of a motor vehicle to stop or park the same upon a public highway but make it clear that he has that right under the restrictions imposed and at the same time attempts to reduce the hazards arising therefrom to a minimum.

It will be observed that the portions of section 66–137, supra, quoted above make it unnecessary to place lights upon a motor vehicle when parked upon a public highway where the area in which it is parked is sufficiently lighted to reveal it within a distance of 200 feet upon such highway.

The question presented to the trial court on motion for an instructed verdict at the

close of plaintiff's case was whether there was sufficient light at the point on the West Buckeye Road where defendants' truck and trailer were parked to reveal it within a distance of 200 feet upon such highway and thus relieve defendants from the duty of placing on such truck and trailer one or more lamps projecting a white light visible under normal atmospheric conditions from a distance of 500 feet to the front of such vehicle, and projecting a red light visible under like conditions and distance to the rear.

The driver of the truck testified that the truck was visible for a distance of 300 yards. The driver of the car in which plaintiff was riding as a guest said that it was not visible for a distance of 200 feet. The witness Wright who was also a guest in the car with plaintiff and whom all agreed was quite intoxicated at the time testified that the truck could not be seen for a distance of over 40 or 50 feet. This created a conflict in the evidence on the question of the distance from which the truck and trailer were visible. As above stated no evidence was adduced concerning the kind or character of lighting at the point where the truck and trailer were parked. It was therefore the function of the jury and not the court to determine this issue. In taking the case away from the jury the court committed reversible error.

Judgment reversed, and remanded for new trial.

UDALL, C. J., and STANFORD, DE CONCINI, and LA PRADE, JJ., concurring.