**238 A.2d 758.**

J. JOSEPH NUGENT, *Attorney General, ex rel.* HARRY E. HURD *vs.* CITY OF EAST PROVIDENCE *et al.*

MARCH 6, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This civil action was brought to declare null and void the action of the city council of the city of East Providence purporting to grant to Full-Channel TV, Inc., hereinafter referred to as Full-Channel, an exclusive franchise to build and operate a community antenna television system in that city and to enjoin Full-Channel from acting further under the purported franchise to build and operate a community antenna television system in that city. The cause was heard by a justice of the superior court, who held the action of the defendant city council null and void and entered a judgment enjoining the defendant Full-Channel from acting under the authority thereof. From that decision Full-Channel has prosecuted an appeal to this court.

It appears from the record that Full-Channel on December 30, 1965 had petitioned defendant city council for an exclusive franchise to build and operate in that city a community antenna system and in connection therewith sought also a permit to attach cables and wires to poles owned and maintained by public utilities over the streets and public places within that city. On February 23 a public hearing was held on this petition.

On March 1, 1966, the city council adopted Resolution No. 28 wherein it granted to Full-Channel "* * * the exclusive right and privilege for a period of twenty five years from the effective date of this ordinance * * * to construct, maintain and operate in the present and future streets, alleys and public places of the City of East Providence, towers, poles, lines, cables, necessary wiring and other apparatus for the purpose of receiving, amplifying, and dis-

tributing television and radio signals * * *." After requiring the permission of the city of East Providence for the location of poles and towers, the resolution went on to confer upon Full-Channel authority "* * * to attach or otherwise affix cables or wires to the pole facilities of any public utility company even though the same may cross over the streets, sidewalks, public lands, highways of the City of East Providence * * *" subject to the consent and approval of the public utility companies concerned.

The decision that the action of the city council was null and void was rested by the trial justice on his conclusion "* * * that there was in the City of East Providence no inherent, statutory or charter power enabling it to grant the exclusive license or franchise which is here the subject of discussion." In the course of reaching this conclusion, he made a preliminary decision that the city council was without power to grant the *exclusive* franchise for which the resolution provides. This conclusion he rested upon his view that municipalities are without authority to grant such an *exclusive* license or franchise in the streets unless such power has been granted them by the state either in express terms or by necessary implication, relying on the rule stated in *Smith* v. *Town of Westerly*, 19 R. I. 437, 35 Atl. 526.

In our opinion, however, the rule is broader than the language of the trial justice indicates. The weight of authority supports the proposition that, within constitutional limitations, the power of the state to exercise control and dominion over the highways is plenary and that political subdivisions of the state may acquire and exercise such power only by way of a delegation thereof by the legislature. The rule has been aptly stated in *Hackensack Water Co.* v. *Ruta*, 3 N. J. 139, 146, 69 A.2d 321, 324, where the court said: "The State has sovereign and absolute jurisdiction and control of the roads, streets and highways within its borders. Supervision and control of public highways is exercisable

directly by the Legislature, and indirectly by the municipalities and other local governmental agencies to whom the power has been delegated. The local governing body has in this behalf only such powers as have been delegated by the State's legislative body." *Commonwealth* v. *Funk,* 323 Pa. 390, 186 Atl. 65; *Kelly* v. *Anderson,* 74 Ariz. 364, 249 P.2d 833; *State ex rel. Arn* v. *State Commission of Revenue and Taxation,* 163 Kan. 240, 181 P.2d 532; *State* v. *Luttrell,* 159 Neb. 641, 68 N.W.2d 332; *Opinion of the Justices,* 81 N. H. 566, 129 Atl. 117; *State* v. *Gamelin,* 111 Vt. 245, 13 A.2d 204.

In the *Smith* case, upon which the trial justice based his conclusion, the issue is whether an exclusive right properly could be granted by a municipality, but we do not hold that the rule laid down in the *Smith* case is limited to the facts thereof. In our opinion, the court in the *Smith* case was applying to a specific set of facts the general rule to which we have referred above. If we concede, as Full-Channel urged in this court, that the word "exclusive" should be treated as mere surplusage, the question then becomes whether the authority to grant the right to make any use of the streets inheres in the municipality. We hold that it does not and that the power of the state with respect to dominion and control of its highways is plenary and may be exercised by political subdivisions of the state only when such authority has been granted by legislative action.

In our opinion, however, the trial justice clearly directed attention to the dispositive issue in this case when he referred to the fact that this is essentially a question of the power to license and the circumstances in which that power may be exercised by a political subdivision of the state, it being conceded generally that the licensing power is exclusive in the state. We find inescapable the conclusion that in this case the city council, despite its reference to use of the streets, was purporting to license the business of intercept-

ing and transmitting television programs to subscribers who would pay for this service. This, in our opinion, puts the basic issue on whether the power to license is exclusively an attribute of the state. We were confronted with this question in *Newport Amusement Co.* v. *Maher*, 92 R. I. 51, 166 A.2d 216.

There we held that the licensing power vests exclusively in the state and, absent a legislative delegation of a portion thereof, it may not be exercised by municipalities. We said: "The power to regulate occupations and businesses by licensing provisions and by imposing a licensing fee is an attribute of sovereignty. It is not an incident of municipal administration and may not be exercised by municipalities except where it is lawfully delegated to them in particular instances expressly or by necessary implication." *Newport Amusement Co.* v. *Maher, supra,* 92 R. I. at 56, 166 A.2d 218. The rule as thus stated is consistent with the view adhered to in most jurisdictions in this country, that is, that the power of a municipal corporation to license an occupation is not an inherent power but may be exercised only when conferred by the state either in express terms or by necessary implication. *State* v. *Brown,* 135 Me. 36, 188 Atl. 713; *Edwards* v. *Mayor & Council of Borough of Moonachie,* 3 N. J. 17, 68 A.2d 744; *City of Kewanee* v. *Riverside Industrial Materials Co.,* 21 Ill. App.2d 416, 158 N.E.2d 86.

The defendant argues in this court that the city council was, by constitutional grant, given authority to regulate and control such businesses as CATV or, in the alternative, that the legislature had by statutory enactment delegated such power to the city council. We construe these arguments as conceding that the power to regulate and license businesses is exclusive in the state, as we held in *Newport Amusement Co., supra,* and that, absent such a constitutional grant of authority or a delegation thereof by the legislature, the city council was without authority to enact Resolution No. 28.

We turn first then to the question whether the city council had, by constitutional grant, authority to regulate the business of intercepting and distributing television programs. The defendant directs our attention to art. XXVIII of the amendments to the constitution of this state, the home rule amendment, so called. In particular, it directs our attention to sec. 2 of that amendment, which provides, in pertinent part, that a municipality that has adopted a home rule charter has "* * * power at any time to adopt a charter, amend its charter, enact and amend local laws relating to its property, affairs and government not inconsistent with this Constitution and laws enacted by the general assembly in conformity with the powers reserved to the general assembly."

The constitutional amendment clearly confers upon municipalities adopting home rule charters the power to enact "local" laws but goes on to limit this grant to the enactment of legislation not inconsistent with laws enacted by the general assembly "* * * in conformity with the powers reserved to the general assembly." The phrase "powers reserved to the general assembly," in our opinion, has a two-fold meaning. In the first place, it refers undoubtedly to sec. 4 of the same article of amendment, which, among other things, expressly reserves to the legislature power to enact laws affecting the property, affairs, and government of cities and towns which "* * * shall apply alike to all cities and towns, but which shall not affect the form of government of any city or town." It is upon these provisions of the constitutional amendment that we base our now settled view that the home rule amendment does not inhibit legislative action affecting the property, affairs, and government of municipalities where the subject matter of that legislation partakes of statewide character rather than of the character of local legislation.

The defendant, having this distinction in mind, attempts

to distinguish *Newport Amusement Co., supra,* on its facts from the instant case. It contends that there the subject matter of the regulation was the business of buying, selling, and using "juke boxes," which from its very nature is statewide in character. It contends, however, that the instant business here to be regulated is one to be conducted within the confines of a single municipality and involves the use of the streets of that community only and, therefore, must be held to be local in character within the contemplation of sec. 2 of the amendment. We have carefully considered this argument and cannot accept the distinction as valid, being unable to perceive any substantial difference between the business of buying, selling, and using "juke boxes" and that of distributing intercepted television programs for a fee.

In our opinion, however, the phrase "powers reserved to the general assembly" contemplates legislative powers other than those expressly reserved by the provisions of sec. 4 of the article of amendment. Because of the very nature of constitutional government in our federal system, such reference must relate also to the reservoir of powers reserved to the legislature as the repository of the sovereignty of the state. It is well settled that our state constitution is one of limitation on the exercise of the powers inhering in the general assembly, which we have repeatedly held possesses all the powers of the crown and parliament at the time of the adoption of the constitution other than those conferred upon the federal government. *Opinion to the Governor,* 95 R. I. 109, 185 A.2d 111. In view of this proposition it is clear that the legislature has all of the powers inhering in sovereignty other than those which the constitution textually commits to other branches of our state government and that those that are not so committed, to the extent that they have not been delegated by the legislature to political

subdivisions of the state, are powers reserved to the general assembly.

This reservoir of powers, in our opinion, is contemplated by the provisions of secs. 2 and 4 of the home rule amendment. Among these reserved powers is the power in the legislature to regulate and control by licensing the conduct of business within the state in an exercise of the police power. In short, we are unable to agree that legislation accomplishing the regulation and control of business can ever be, absent some peculiar circumstance, an appropriate matter for local legislation, absent a grant of such power either in express terms or by necessary implication. For that reason it is our conclusion that defendant's contention that the city council had by constitutional grant authority to enact Resolution No. 28 is without merit.

We turn then to the question of whether the legislature has delegated to the city council authority to regulate and license the CATV business. In arguing in support of this contention, defendant directs our attention to G. L. 1956, §§45-2-4 and 45-2-5, as amended, which deal with the authority of municipalities to own property and to use, lease, or dispose of properties no longer needed. Section 45-2-4 provides authority for a town to take and hold real or personal estate, to alienate the same, and to hold and manage the same in trust for a specified purpose. Section 45-2-5, as amended, provides that in addition to any other powers specifically granted to a municipality with respect to the purchase and sale of land, a local legislature is authorized "* * * from time to time, to sell, lease, convey or use for any other public or municipal purpose or purposes, or for any purpose whatsoever, any lands or properties owned by said city or town, which have been purchased, acquired, used or dedicated in any manner for municipal or other public purposes, whenever, in the opinion of said city council or town council, said lands or properties have become unsuitable or have ceased to be used for such purposes."

We are unable to perceive that these statutory enactments, clearly intended to authorize municipalities to acquire, hold and dispose of property under prescribed circumstances, can be regarded as conferring the right to regulate businesses. It is clear that defendant intends to argue that under these enactments, particularly under §45-2-5, as amended, the city council has authority to permit the use of the streets for the erection of poles, towers and transmission lines by Full-Channel to be used in the transmission of its intercepted television programs. Were we to concede that to be so, we cannot agree that the city council is not purporting here to license the conduct of the CATV enterprise under the guise of granting the right to use the public ways for transmission lines. It is our opinion that the action of the city council in enacting Resolution No. 28 was to so license and regulate the conduct of this business.

It is settled that licensing is not an incident of municipal administration and is not to be exercised by municipalities unless it has been lawfully delegated to them "* * * in particular instances expressly or by necessary implication." *Newport Amusement Co.* v. *Maher, supra.* An examination of the provisions of the statutes above referred to discloses that there is no express delegation of the power to license contained therein. Neither do we observe therein any grant of power to the municipality that could not be effectively exercised by it absent a power to license. We hold, therefore, that no such power to license can be found in these statutes by necessary implication and consider this contention as being without merit. Neither has our attention been directed to any other statutory enactment that could reasonably be construed to grant by necessary implication this particular power to license CATV by the city council of the city of East Providence.

The defendant also argues in this court that the trial jus-

tice committed prejudicial error in overruling its objections to the admission of certain testimony. This testimony was adduced through several witnesses and, in substance, related to the function of community antenna television systems, technical procedures employed by such systems, and included a narration of statistics relating to the quality of television reception in the city of East Providence and the need in that community for CATV as a corrective measure for faulty television signals. It is clear that the objections of defendant to this line of questioning were overruled. Before us it argues that the testimony was relevant only on the necessity for a community antenna system in East Providence and was without probative force on the issue of the authority of the city council to grant the franchise contemplated in Resolution No. 28.

If we assume, without deciding, that the evidence to which defendant objected was irrelevant and, therefore, inadmissible, we cannot agree that its admission in the circumstances of this case constituted reversible error. It is well settled that such evidence is prejudicial only when it reasonably appears that the irrelevant evidence so influenced the judgment of the trial justice as to have caused him to rest his decision in whole or substantial part on that evidence. *New England Transportation Co.* v. *Doorley,* 60 R. I. 50, 197 Atl. 205. In *New England Box & Barrel Co.* v. *Travelers Fire Ins. Co.,* 63 R. I. 315, 8 A.2d 805, we considered the question as to the prejudicial nature of evidence admitted, the relevancy of which was seriously in question. There we said: "There is serious question whether this evidence was strictly relevant to the exact issue involved, but the admission of irrelevant evidence is not always ground for reversal; it is so only where it reasonably tends to prejudicially influence the trial court in its determination of the real issue in the cause."

We have examined the record and, in particular, have analyzed the decision of the trial justice. After so doing, we are constrained to conclude that his decision did not rest upon the evidence admitted over the defendant's objection, and we are persuaded that the trial justice based the decision on the evidence relevant to the real issue of the case, that is, the authority of the city council to enact Resolution No. 28. It is clear that his judgment was not influenced by the testimony to which the defendant so objected.

In this court the parties argued vigorously upon the question of whether CATV so partakes of the character of a public utility as to be outside of the scope of local regulation. However, having reached the conclusion that the city council was without authority to enact Resolution No. 28, there is no necessity for reaching this issue.

The appeal is denied and dismissed and the judgment affirmed.

*Herbert F. DeSimone,* Attorney General; *Bruce G. Sundlun, Louis J. Vallone; Roberts & McMahon, William F. McMahon; Amram, Hahn & Sundlun, Gerald Scher, Jack C. Sando,* of counsel, for plaintiffs-appellees.

*David B. Lovell, Jr.,* (for defendant-appellant, Full-Channel TV, Inc.); *Charles J. McGovern, John G. Coffey,* (for Westerly Cable Television, Inc., Amicus Curiae).